UNION BANK AND TRUST COMPANY, EXECUTOR, APPELLANT, *v.* KNOBB, RESPONDENT.

(No. 2,153.)

(Submitted October 3, 1905.  Decided November 6, 1905.)

*Accounting—Appeal—Findings—Conclusiveness.*

> 1. Where it appeared, in an action for an accounting, that the parties had invested their funds jointly in a common business during a period of over twenty years, without any definite plan or arrangement, without any accounting made or demanded on either side, for many years, and with never a settlement, the district court thus being able to do no more than make a reasonably fair estimate as to the amount due from one party to the other, its findings will not be disturbed, since it is impossible to say from the showing made that the preponderance of the evidence is against them or any of them.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by Henry Knobb (Union Bank and Trust Company, executor, substituted) against Eli Knobb. From the judgment rendered, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. M. S. Gunn,* and *Mr. H. J. Burleigh,* for Appellant.
*Mr. C. B. Nolan,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

The plaintiff in the court below, Henry Knobb, sued the defendant, praying that an alleged partnership between the parties be dissolved, that a receiver be appointed, and that an accounting be taken of the partnership dealings and the property divided. He alleged that from 1878 up to the time of the commencement of the action, in 1901, he and the defendant, his brother, had an agreement whereby each should contribute money to a general fund, and engage in the business of loaning and investing it, each to share equally in the profits and losses of the business; that each did contribute, and that the defendant has from time to time applied to his own use large sums of the partnership money, how much plaintiff was unable to state, but that it amounted to many thousands of dollars, and largely in excess of the proportion to which defendant was entitled; that defendant had the exclusive management and control of the business, and kept the accounts, and frequently refused to make or render any accounting; and that he has continued to collect money belonging to the partnership, and still refuses to make any report. Defendant denied the allegations of the complaint, so far as they tend to charge him with any sum due the plaintiff, but, on the other hand, averred that the plaintiff would be justly indebted to him, defendant, in the sum of $5,000, if it were not for a settlement to which he had consented theretofore. He also demanded that an accounting be taken, and that he have judgment against plaintiff for such sum as might be found due him. There are other allegations in the pleadings, but it is not necessary to state them.

The case was tried and submitted upon the theory that there was in fact a partnership, and the court so held. The court further found that the parties were equal partners, and that there was nothing due to either from the other; that the partnership property all consisted of real estate, in which each had an equal interest, and decreed that the partnership be dissolved. It also found that the property of the partnership had already been divided between the parties, and that there was

nothing further to be done in the premises. The court further ordered that each party pay his own costs. In other words, the court dissolved the partnership and left the parties as it found them.

Plaintiff, Henry Knobb, died after the commencement of the action, and his executor appeals from the judgment and an order denying him a new trial, claiming that there is a large sum of money still due the estate of the decedent from the defendant.

It seems that for a period of about twenty-three years the two brothers had business together. Whether it was that of a partnership in law it is not necessary for us to inquire, as the plaintiff declared that it was, and the court so found, and defendant is not complaining on appeal.

Numerous alleged errors of the court are specified by the appellant, plaintiff, and they are referred to at length in the discussion. The principal argument is directed to the alleged insufficiency of the evidence to sustain the findings of the court. As aptly said in respondent's brief, we think, if we were inclined to disturb the findings and make others, we could not do so on the evidence submitted; first, because we cannot say that the preponderance is against the findings or any one of them, and, further, because the evidence especially on the part of the plaintiff, is so vague, indefinite, unreliable, contradictory, and evasive that it would be impossible for us to arrive at any intelligent conclusion as to how much money the plaintiff put into the business; and we wonder that the district court was able to arrive at any conclusion.

When two ignorant men get together and invest their joint funds during a period of over twenty years, without any definite plan or arrangement, as in the case before us, and without any accounting made or demanded on either side for many years, and with never a settlement, a court, if it do anything upon such a poor showing, cannot do any more than make a reasonably fair estimate; and this should not be disturbed on appeal, since it is impossible, as we have said, to say that there is a preponderance against the findings or any of them. The

defendant seems to have been as fair as plaintiff in his evidence, and each testified as to many items; but neither of them, except in rare instances, was able to make any definite statement whatever as to how much money either one put in or what was done with it.

Counsel for appellant, in endeavoring to show that the court erred, submits "a number of calculations as they would suggest themselves to the investigator from different points of view." One of counsel's calculations, he says, leads to the conclusion that there was due to Henry Knobb, the plaintiff, the sum of $4,813.43 more than is invested in real estate. Another view is that there is thus due Henry $6,705.69, and a third suggestion is that the evidence shows the sum of $6,334.19 still due to the aforesaid Henry. These three different results largely come from computations based upon guesses and conflicting testimony of Henry as to how much and how often he put money into the hands of his brother. It thus seems to have been impossible for counsel for appellant to definitely state the amount.

The judgment and order denying a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.